# Bales-Schumacher Associates Inc. v. Freeland Municipal Authority

*Pasco L. Schiavo,* for plaintiff.
*Peter J. Fagan,* for defendant.

BROMINSKI, *J.,* August 10, 1990 — This matter comes before the court upon the petition of Bales-Schumacher Associates Inc., for a rule to show cause why interest on a jury verdict in the amount of $74,200 against respondent, Borough of Freeland Municipal Authority, should not be computed at the New York prime rate for financial institutions on loans, plus 2.5 percent, compounded. Respondent's answer to said petition incorporates a request that interest be computed at the rate of 6 percent.

Petitioner's claim for a higher rate is based on its contention that respondent has benefited from, and been unjustly enriched by, respondent's use of petitioner's engineering work and services. On the other hand, respondent argues that the 6-percent rate is applicable because the jury's award represents merely compensation or damages to petitioner pursuant to an agreement for engineering services between the parties dated January 27, 1981.

The sole question before us, therefore, is what rate of interest should apply to the jury's award from April 20, 1983 to the date of payment.

The trial court has discretion to award damages in the nature of prejudgment interest at a rate higher than the 6 percent permitted by statute, to wit, 41 P.S. §202, in circumstances involving restitution and

unjust enrichment. Further, a claim based upon unjust enrichment or restitution, rather than upon compensation or damages, may include an award of compound interest. *Peterson v. Crown Financial Corporation,* 661 F.2d 287.

Generally, unjust enrichment occurs when a party performs under a justifiable belief that he is to be paid by the party sought to be charged, and, in so doing, confers a benefit on the other party. *Samuels v. Hendricks,* 18 D.&C. 3d 561 (1981).

We have carefully reviewed the entire record in this matter and conclude that an award of 6-percent interest to petitioner would not constitute just and complete restitution under all of the circumstances. On the contrary, we conclude that such record supports petitioner's claim of unjust enrichment. Consequently, since it is established in the record that respondent held and/or utilized petitioner's work products and services for its own advantage, the objective must be to force disgorgement of respondent's unjust enrichment by awarding to petitioner a rate higher than the statutory 6 percent. *Peterson v. Crown Financial Corporation, supra.*

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the jury's verdict in the amount of $74,200 in favor of petitioner and against respondent in the above-captioned action shall bear interest at the New York prime rate of lending for financial institutions on loans, plus 2.5 percent, compounded for the period from April 20, 1983 to the date of payment.